# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Erick Gonzalez-Lopez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR03002-001JB** |
| | USM Number: **64190-051** |
| | Defense Attorney: **Kari Converse, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(B) | Possession with Intent to Distribute 500 Grams and More of Cocaine | 10/31/2011 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 20, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**July 27, 2012**
Date Signed

Defendant: **Erick Gonzalez-Lopez**
Case Number: **1:11CR03002-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **15 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed July 27, 2012 (Doc. 36). Defendant Erick Gonzalez-Lopez, pursuant to a Plea Agreement, filed January 5, 2012 (Doc. 24), pled guilty to the Indictment, filed December 1, 2011 (Doc. 14), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), that being possession with intent to distribute 500 grams and more of cocaine. The parties stipulate that "[a]t least 500 grams but less than 2 kilograms of cocaine are attributable to the Defendant," and "agree that the Defendant`s base offense level under the sentencing guidelines is 26, pursuant to U.S.S.G. § 2D1.1(c)(7)." Plea Agreement ¶ 10, at 4. The parties stipulate that Gonzalez-Lopez "was a minor participant in the criminal activity underlying this agreement" under U.S.S.G. § 3B1.2. Plea Agreement ¶ 10, at 6. The parties agree to a 3-level reduction on Gonzalez-Lopez` offense level "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 10, at 4-5. Plaintiff United States of America agrees to recommend a sentence at the low end of the advisory guideline range. See Plea Agreement ¶ 10, at 6. Pursuant to the Plea Agreement, Gonzalez-Lopez agrees to waive "the right to appeal the Defendant`s conviction(s) and any sentence and fine within or below the applicable advisory guideline range as determined by the Court." Plea Agreement ¶ 13, at 7.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Gonzalez-Lopez on March 1, 2012. On March 20, 2012, the USPO issued a Re-Disclosed Presentence Investigation Report ("Re-Disclosed PSR") to correct some factual errors in the PSR. In the Re-Disclosed PSR, the USPO calculates Gonzalez-Lopez` total offense level to be 19. See Re-Disclosed PSR ¶ 24, at 10. The Re-Disclosed PSR applies a base offense level of 26 pursuant to U.S.S.G. § 2D1.1 and the parties` agreement regarding the amount of drugs attributable to Gonzalez-Lopez. See PSR ¶ 17, at 9. The USPO relates that it is more likely that "2978.6 net grams of cocaine" is attributable to Gonzalez-Lopez in light of his admission that he transported "to Los Angeles and Kansas an additional two kilograms" of cocaine. PSR ¶ 17, at 9. The USPO related that a base offense level of 28 may be more appropriate. See PSR ¶ 17, at 9. In light of the parties` stipulation regarding the amount of drugs, the PSR nonetheless applies an offense level of 26. See PSR ¶ 17, at 9. The Re-Disclosed PSR applies a 2-level reduction under U.S.S.G. § 2D1.1(b)(16) and the applicable safety-valve provisions. See Re-Disclosed PSR ¶ 18, at 9. The Re-Disclosed PSR includes a 2-level reduction for a minor role under U.S.S.G. § 3B1.2(a), because "it appears the defendant was acting as a courier." Re-Disclosed PSR ¶ 20, at 9. The Re-Disclosed PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Gonzalez-Lopez` acceptance of responsibility. See Re-Disclosed PSR ¶ 23, at 10. The Re-Disclosed PSR lists his criminal history category as I, based on 0 criminal history points. See Re-Disclosed PSR ¶ 27, at 10. The Re-Disclosed PSR calculates that an offense level of 19 and a criminal history category of I results in a guideline imprisonment range of 30 to 37 months. See PSR ¶ 56, at 15.**

**Gonzalez-Lopez asks the Court for a 15-month sentence. The United States requests that the Court impose a 30-month sentence. At the sentencing hearing on April 20, 2012, the parties agreed to the Court reducing Gonzalez-Lopez` offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 19 and a criminal history category of I produces a guideline sentence of 30 to 37 months. Although there is a mandatory minimum of five years for Gonzalez-Lopez` offense, see 21 U.S.C. § 841(b)(1)(B) (prescribing "a term of imprisonment which may not be less than 5 years" when the defendant has "500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine"), 18 U.S.C. § 3553(f) authorizes a sentence below the statutory minimum, see 18 U.S.C. § 3553(f).**

**Gonzalez-Lopez possessed with intent to distribute 978.6 grams of cocaine base. The Court has carefully considered the parties` arguments and the circumstances. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Gonzalez-Lopez` offense. The Court concludes that a sentence of 15 months is sufficient to reflect the seriousness of this offense. The Court has identified a variety of factors that counsel in favor of a variance, including that: (i) Gonzalez-Lopez is eighteen-years old and does not have the maturity of an older individual; (ii) he has no criminal history; (iii) he has some incredibly tragic family circumstances; (iv) he felt that he was in a vulnerable position and had to take care of his mother; (v) he felt pressure from other individuals to sell drugs; (vi) he is a low-level courier in terms of drug trafficking; (vii) sentencing him to too long a period of incarceration could harden him in prison; (viii) he does not appear to have as high a likelihood of recidivism as many defendants the Court sees; and (ix) he had relatively little control over his situation while he was in Mexico. The Court has also identified several factors that do not counsel in favor of a variance, including that: (i) he is young, so he does not have many people depending on him for support; (ii) the Court has identified some issues regarding the weight of the drugs attributable to him; (iii) he is a**

United States citizen, so he will not face the same hardships as a non-citizen if convicted -- such as deportation; and (iv) the offense involved cocaine, which is a serious drug. In light of the factors present in this case, a variance equivalent to a reduction of 5 offense levels is appropriate. A criminal offense level of 14 and a criminal history category of I yields a guideline imprisonment range of 15 to 21 months.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 15 months is appropriate to reflect the seriousness of Gonzalez-Lopez`s crime. The Court sees many defendants with troubled pasts, but Gonzalez-Lopez` is more troubling than most. His father and sister were both murdered while he was young. These events have caused him some significant mental and emotional trauma. Gonzalez-Lopez came back to Mexico from the United States to help out his mother in light of her financial circumstances. He eventually became involved in the drug trade in part because of financial pressures and pressures from those with whom he began to interact. He ultimately made an unwise decision to decide to transport drugs. That he made a poor decision does not excuse his criminal conduct, but his circumstances weigh in the Court`s mind in its determination regarding the appropriate sentence for him.

This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the offense is a serious one, Gonzalez-Lopez was a relatively minor player in drug trafficking. In light of some of the mitigating circumstances in Gonzalez-Lopez` case that are not present in the cases of many other defendants, the Court concludes that the sentence promotes respect for the law and provides just punishment. Because Gonzalez-Lopez now has a serious felony conviction on his record, the sentence provides adequate deterrence to both him and to the public at large. Given his lack of prior criminal history and the non-violent nature of the crime, the Court concludes that the sentence adequately protects the public. In light of the application of 18 U.S.C. § 3553(f), which permits a sentence below the mandatory minimum, the Court does not believe that the sentence promotes unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Gonzalez-Lopez to 15-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**Tucson Federal Correctional Institution, Tucson, Arizona, if eligible**
**The Court makes this recommendation for these reasons: (1) the Defendant`s aunt lives in Tucson; (2) the Defendant will be released on supervised release in Tucson; and, (3) Tucson is relatively close to the Defendant`s family in Mexicali.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at  on
   ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

                                                      UNITED STATES MARSHAL

                                                      By

                                                      DEPUTY UNITED STATES MARSHAL

Defendant: **Erick Gonzalez-Lopez**
Case Number: **1:11CR03002-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Erick Gonzalez-Lopez**
Case Number: **1:11CR03002-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms or other illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

**The Defendant must refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer. The Defendant is prohibited from obstruction or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure.**

Defendant: **Erick Gonzalez-Lopez**
Case Number: **1:11CR03002-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐　　　The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A　　☒　In full immediately; or

B　　☐　$ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.